Rufus I. Peace
CHRISTIAN, SAMSON & BASKETT, PLLC
310 W. Spruce St.
Missoula, Montana 59802
Tel: (406) 721-7772
Email: rpeace@csblawoffice.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| BRIAN KENNER,<br><br>             Plaintiff,<br><br>     vs.<br><br>BITTERROOT TIMBER FRAMES, LLC, a Montana Limited Liability Company, THREE MILE CREEK POST & BEAM, LLC, a Montana Limited Liability Company, INSULATION EVOLUTION, a Montana For-Profit Company, BRETT MAURI, an individual, CREAMERY ANTIQUE MALL, LLC, a Montana Limited Liability Company, CREAMERY BUILDING, LLC, a Montana Limited Liability Company, CARRIE A. McENROE, an individual, JAMES MAURI, an individual, MCM DESIGNS, a For-Profit Corporation, RAMONA "MONA" COSTA aka RAMONA COSTA-MAURI, an individual, THE ARGUS COMPANY, a California For-Profit Company, | Cause No. _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

| MICHAEL E. GAY, an individual, and JOHN DOES 1-10,<br><br>Defendants. | |
|---|---|

Plaintiff Brian Kenner, for his complaint against the Defendants Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC, Brett Mauri, Insulation Evolution, Creamery Antique Mall, LLC, Creamery Building, LLC, Carrie A. McEnroe, James Mauri, MCM Designs, Ramona "Mona" Costa aka Ramona Costa-Mauri, The Argus Company, and Michael E. Gay (collectively "Defendants"), alleges as follows:

## I.      PARTIES

1.      Defendants Bitterroot Timber Frames, LLC ("Bitterroot Timber Frames") and Three Mile Creek Post & Beam, LLC ("Three Mile Creek Post & Beam") are or were limited liability companies organized under the laws of the state of Montana with their principal place of business in Ravalli County, Montana.

2.      Upon information and belief, Defendant Insulation Evolution is a for-profit business in the state of Montana, with its principle place of business in Ravalli County, Montana.

3.      Upon information and belief, Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC, and Insulation Evolution are alter-egos of each other.

4.      Upon information and belief, Defendant Brett Mauri ("Brett") is and was at all times relevant hereto a resident of Ravalli County, Montana.

5.      Defendants Creamery Antique Mall, LLC ("Creamery Antique Mall") and Creamery Building, LLC ("Creamery Building") are or were limited liability companies organized under the laws of the state of Montana with their principal place of business in Ravalli County, Montana.

6.      Upon information and belief, Creamery Antique Mall and Creamery Building are alter-egos of one another.

7.      Upon information and belief, Defendant Carrie A. McEnroe ("Carrie") is and was at all times relevant hereto a resident of Ravalli County, Montana.

8.      Upon information and belief, MCM Designs is a for-profit company with its principal place of business in St. Johns County, Florida.

9.      Upon information and belief, Defendant Ramona "Mona" Costa aka Ramona Costa-Mauri ("Mona Costa") is and was at all times relevant hereto a resident of St. Johns County, Florida.

10.     Upon information and belief, Defendant James Mauri ("James") is and was at all times relevant hereto a resident of St. Johns County, Florida.

11.     Upon information and belief, The Argus Company ("Argus") is a California business entity with its principal place of business in Santa Cruz County, California.

12.     Upon information and belief, Michael E. Gay ("Michael") is and was at all times relevant hereto a resident of Santa Cruz County, California.

13.     Defendants John Does 1 through 10 are individuals or entities believed to be responsible in some manner for the occurrences and injuries herein alleged.  The claims against John Does 1 through 10 are not yet ripe and/or Plaintiff is ignorant of the true names, capacities and identities of John Does 1 through 10.  Plaintiff will amend this Complaint to allege the true names, capacities and identities of John Does 1 through 10 once their true names, capacities and identities are ascertained and/or once the claims against those defendants are ripe.

14.     Plaintiff Brian Kenner ("Brian") is and was at all times relevant hereto a resident of South Dakota.

## II.    JURISDICTION AND VENUE

15.     Plaintiff realleges and incorporates each of the other allegations of this Complaint as if fully set forth herein.

16.     This is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Because the parties are of completely diverse citizenship, and because the matter in controversy exceeds the sum of $75,000, this Court has original jurisdiction over this action under 28 U.S.C. § 1332.

17.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, Carrie McEnroe, Creamery Antique Mall and Creamery Building are domiciled within the State of Montana such that this suit does not offend traditional notions of fair play and substantial justice. This Court's exercise of personal jurisdiction over Defendants comports with due process because the Defendants are at home within the State of Montana.

18.    Defendants James Mauri, MCM Designs, Mona Costa, Argus and Michael E. Gay have certain minimum contacts with the state of Montana such that maintenance of this suit does not offend traditional notions of fair play and substantial justice. This Court's exercise of personal jurisdiction over Defendants comports with due process because (1) Defendants engaged in activities whereby they purposely availed themselves of the privilege of conducting activities in the state of Montana, thereby invoking the benefits and protections of Montana's laws; (2) Plaintiff's claims in this suit arise out of or result from Defendants' Montana-related activities; (3) Plaintiff's claims arise from monetary transactions and conspiracy centered in Montana; and (3) this Court's exercise of jurisdiction over Defendants is reasonable.

19.    This action arises out of or results from (1) Defendants' transaction of business in the state of Montana; (2) Defendants' commission of an act, or acts, resulting in accrual within Montana of a tort action; and/or (3) a contract entered

into for services to be rendered or for materials to be furnished in Montana and elsewhere.

20.     The real property which is at issue in this action is located in Ravalli County, Montana and the location where the contractual requirements at issue were to be carried out is in Ravalli County, Montana.  Ravalli County is within the Missoula Division of the United States District Court for the District of Montana.

21.     Jurisdiction is proper in this Court.

22.     Venue is proper in this Court.

### III.    FACTS COMMON TO ALL COUNTS

23.     This complaint relates to and arises out of facts in common with *Brian Kenner vs. Bitterroot Timber Frames, LLC, et al.,* Cause No. CV-21-16-M-DLC, filed in this Court (hereinafter "*Kenner v. Bitterroot I*"), for which the Court awarded judgement in favor of Plaintiff and against Defendants Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam.

24.     While executing upon the judgment in *Kenner v. Bitterroot I*, Plaintiff discovered the additional claims against the parties named in this Complaint.

25.     Brian contracted with Defendants Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam to construct a two-bedroom, two-bathroom home with a loft for Three Hundred Thousand Dollars ($300,000).

26.    Brian later requested the addition of a stand-alone garage, to be constructed for an additional Fifty-Five Thousand Dollars ($55,000).

27.    In total, Brian paid Three Hundred Twenty-Seven Thousand, Five Hundred and Fifty-Six Dollars ($327,556) toward the construction of the home and garage.

28.    The project was never completed, with much of the material invoiced having never been delivered, and it was discovered that the work that was completed was substandard and the majority of the work needed to be redone.

29.    In November 2020, Brian hired a new contractor who is now on-site completing the project.

30.    On or about February 3, 2021, Brian filed a Complaint and Demand for Jury Trial in *Kenner v. Bitterroot I* seeking damages related to the failed building project.

31.    Defendants Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam did not respond or otherwise defend against the Complaint.

32.    On or about April 26, 2021, this Court issued Default Judgment against Defendants Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam in the amount requested in the Complaint.

33.    Thereafter, Brian began executing upon that judgment.

34.     While executing upon the judgment, it became clear that much of the money taken from Brian was transferred to relations of Brett Mauri and used to support the various business ventures of those relations.

35.     Upon information and belief, Brett used portions of the funds received from Brian to support the business operations of Defendants Creamery Antique Mall, Creamery Building and Carrie McEnroe.

36.     Upon information and belief, Carrie is the owner and operator of the Creamery Antique Mall and Creamery Building.

37.     Upon information and belief, Carrie knew the source of the funds used to support her and her businesses and is an intricate part of an overall fraudulent scheme.

38.     Upon information and belief, Defendant James Mauri is an intricate part of the operations of Bitterroot Timber Frames and Three Mile Creek Post & Beam, and the fraudulent activities thereof.

39.     Upon information and belief, Defendant James Mauri received portions of the money taken from Brian, for the purpose of hiding the money and/or for his personal uses.

40.     Upon information and belief, Defendant Argus is in the business of buying and selling vehicles, and has been the recipient of a portion of the money taken from Brian.

41.    Upon information and belief, Defendant Argus received less than fair value for the vehicles it provided to Defendant Brett Mauri and may use its vehicle trade to launder or hide money on behalf of the other defendants.

42.    Upon information and belief, Defendant Michael E. Gay is the owner and operator of Argus.

43.    Upon information and belief, Defendant MCM Designs received more than fair market value for services provided for website design and maintenance.

44.    Upon information and belief, MCM Designs received these overpayments in an attempt to hold or hide money for other defendants.

45.    Upon information and belief, MCM Designs is responsible for building and maintaining all websites associated with defendants Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam.

46.    Upon information and belief, those websites contain materially false information which would tend to mislead customers into paying defendants or otherwise being defrauded by other defendants.

47.    Upon information and belief, and based upon Mona Costa's relationship to other defendants, Mona Costa knew the representations made by other defendants and produced by MCM Designs were false and misleading but made them anyway.

48.    Upon information and belief, Defendant Mona Costa is the owner and operator of MCM Designs.

## COUNT I – BREACH OF CONTRACT

**(Against Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri)**

49.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

50.     Brian and Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri entered into a contract whereby Defendants Brett Mauri, Bitterroot Timber Frames and Three Mile Creek Post & Beam would construct a house and garage and Brian would pay Three Hundred Thousand Dollars ($300,000) for the house and Fifty-Five Thousand Dollars ($55,000) for the garage.

51.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri breached that contract, without limitation, by failing to complete the project, by using incorrect materials, by using incorrect building techniques and by invoicing Brian for services and materials that Brian did not receive.

52.     As a consequence of Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beams and James Mauri's breach of contract, Brian suffered damages, both general and special, in an amount to be proven at trial.

## <u>COUNT II – ACTUAL FRAUD</u>

### (Against Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri)

53.    Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

54.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri made representations to Brian, including without limitation, that Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri were licensed general contractors who could, and in fact would, construct a house for Brian, and Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri represented to Brian that monies paid by Brian were being used to purchase materials for and fund the construction of Brian's house.

55.    Those representations were false.

56.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's false representations were material to luring Brian into a contract and were material in misleading Brian into surrendering money to Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri.

57.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri knew that their representations were false.

58.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri intended that Brian (and others) rely upon their false statements and take action based on those statements.

59.     Brian was unaware of the falsity of Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's representations.

60.     Brian relied upon Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's false representations.

61.     Brian had a right to rely upon Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's representations.

62.     As a result of Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's Actual Fraud, Brian suffered damages, both general and special, in an amount to be proven at trial.

63.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's Actual Fraud entitles Brian to receive attorney's fees, costs, and punitive damages. Mont. Code Ann. § 27-1-221.

## COUNT III – CONSTRUCTIVE FRAUD

### (Against Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri)

64.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

65.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri had a duty to present honest information to Brian.

66.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri breached that duty by presenting false and misleading information in order to gain an advantage over Brian.

67.     As a result of Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's presenting false and misleading information, Brian was prejudiced and suffered damages, both general and special, in an amount to be proven at trial.

68.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's Constructive Fraud entitles Brian to receive attorney's fees, costs, and punitive damages. Mont. Code Ann. § 27-1-221.

## <u>COUNT IV – UNJUST ENRICHMENT</u>

### (Against All Defendants)

69.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

70.     Defendants received a benefit in the form of payments made by Brian to them for, without limitation, (a) services and materials that were never received; (b) services incorrectly performed; and (c) incorrect materials and/or supplies.

71.     Defendants knew about the payments and appreciated the benefit to them.

72.     Defendants accepted the benefit of the payments, and allowing Defendants to retain the benefit would be inequitable.

73.     As a result of Defendants' Unjust Enrichment, Brian is entitled to a return of all funds unjustly received and retained by Defendants.

## COUNT V – NEGLIGENT CONSTRUCTION

### (Against Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri)

74.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

75.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri owed a duty to Brian construct a house and garage in a reasonable manner.

76.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri breached that duty by negligently constructing the house and garage in such a manner as to cause damage to Brian.

77.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's breach was the direct and proximate cause of Brian's injury.

78.     As a result of Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri's negligent construction, Brian suffered damages both general and specific, in an amount to be proven at trial.

## COUNT VI – NEGLIGENT MISREPRESENTATION

### (Against Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri)

79.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

80.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri made negligent representations as to multiple material facts.

81.     Those negligent representations were untrue when they were made.

82.     Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri made those representations without any reasonable grounds for believing them to be true.

83.     Brian was unaware of the falsity of those representations.

84.     Brian justifiably acted in reliance upon the truth of those representations.

85.     Brian, as a result of that reliance, suffered damages, both general and special, in an amount to be proven at trial.

## COUNT VII – CONSUMER PROTECTION VIOLATION

### (Against Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, James Mauri, MCM Designs and Mona Costa)

86.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

87.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, James Mauri, MCM Designs, and Mona Costa employed unfair methods of competition and unfair or deceptive acts in the conduct of their trade in violation of Mont. Code Ann. § 30-14-101, et seq. and Mont. Code Ann. § 30-14-20, et seq.

88.    Specifically, and without limitation, Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam and James Mauri represented themselves as licensed contractors who were capable of building, and that they could, and in fact would, build a house and garage for Brian; Defendants MCM Designs and Mona Costa furthered and supported other defendants' misrepresentations while knowing them to be untrue.

89.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, James Mauri, MCM Designs, and Mona Costa's representations were false, unfair, and deceptive.

90.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, James Mauri, MCM Designs, and Mona Costa's violations of the Consumer Protection Act caused actual damage to Brian.

91.    Defendants Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, James Mauri, MCM Designs, and Mona Costa's violations of the Consumer Protection Act gives rise to damages in accordance with Mont. Code

Ann. § 30-14-133, including treble damages, along with an award of attorney's fees and costs.

## COUNT VIII – CIVIL CONSPIRACY

### (Against all Defendants)

92.     Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

93.     Defendants are two or more persons, and for the purpose of this allegation, corporations are persons.

94.     Defendants operated with the purpose of defrauding or receiving ill-gotten money from would-be consumers of Bitterroot Timber Frames and Three Mile Creek Post & Beams' services.

95.     Defendants had a meeting of the minds on the object or course of their actions.

96.     Defendants committed one or more unlawful overt acts.

97.     As a proximate result of Defendants' acts, Brian suffered both general and special, in an amount to be proven at trial.

///

///

///

///

## COUNT IX – Constructive Fraudulent transfer

**(Against Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael E. Gay, James Mauri, MCM Designs and Mona Costa)**

98.    Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

99.    Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael E. Gay, James Mauri, MCM Designs and Mona Costa transferred funds and engaged in other activities without receiving a reasonably equivalent value in exchange for the transfer.

100.   As a result of Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael E. Gay, James Mauri, MCM Designs, and Mona Costa's actions, defendants were unable to satisfy the obligations owed to Brian.

## COUNT X – Intentional Fraudulent transfer

**(Against Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael C. Gay, James Mauri, MCM Designs, and Mona Costa)**

101.   Brian realleges each of the above paragraphs and allegations of this Complaint as if fully set forth herein.

102.   Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael E. Gay, James Mauri, MCM Designs and Mona Costa transferred

funds and engaged in other activities without receiving a reasonably equivalent value in exchange for the transfer.

103.   Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael E. Gay, James Mauri, MCM Designs and Mona Costa undertook these actions with the intent to hinder, delay, or defraud Brian and other creditors.

104.   As a result of Defendants Carrie McEnroe, Creamery Antique Mall, Creamy Building, Argus, Michael E. Gay, James Mauri, MCM Designs and Mona Costa's actions, defendants were unable to satisfy the obligations owed to Brian.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brian Kenner prays for the following relief:

1.   For judgment in favor of Brian and against Defendants in an amount to be determined at trial, but at least Three Hundred Twenty-Seven Thousand, Five Hundred and Fifty-Six Dollars ($327,556) adjusted for amounts collected prior to trial);

2.   For an award of treble damages under the Consumer Protection Act;

3.   For an award of punitive damages as allowed by law;

4.   For an award of pre- and post-judgment interest as allowed by law;

5.   For the Defendants to be held jointly and severally liable for all damages awarded to Brian;

3.      For an award of costs and attorneys' fees as allowed by Mont. Code Ann. §

27-1-401, 27-1-221, 30-14-133 or other law; and

4.      For such other and further relief as the Court deems appropriate.

DATED this 13th day of October, 2021.

CHRISTIAN, SAMSON & BASKETT, PLLC

/s/ Rufus I. Peace
Rufus I. Peace
Attorney for Plaintiff


# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED this 13th day of October, 2021.

CHRISTIAN, SAMSON & BASKETT, PLLC

/s/ Rufus I. Peace
Rufus I. Peace
Attorney for Plaintiff