Nathan A. Fluter, Esq.
NATHAN A. FLUTER & ASSOCIATES, PLLC
1917 S. Higgins Ave.
Missoula, Montana 59801
Tel: (503) 329-6655
Email: nathan@fluterlaw.com

*Attorney for Defendants Bitterroot Timber Frames, LLC,*
*Three Mile Creek Post & Beam, LLC, Insulation Evolution,*
*Brett Mauri, The Creamery, LLC, Creamery Building, LLC,*
*and Carrie A. McEnroe*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| BRIAN KENNER,<br><br>Plaintiff,<br><br>vs.<br><br>BITTERROOT TIMBER FRAMES, LLC, a Montana Limited Liability Company, THREE MILE CREEK POST & BEAM, LLC, a Montana Limited Liability Company, INSULATION EVOLUTION, a Montana For-Profit Company, BRETT MAURI, an individual, CREAMERY ANTIQUE MALL, LLC, a Montana Limited Liability Company, CREAMERY BUILDING, LLC, a Montana Limited Liability Company, CARRIE A. McENROE, an individual, JAMES MAURI, an individual, MCM DESIGNS, a For-Profit Corporation, RAMONA "MONA" COSTA aka | Cause No. CV-21-120-M-DLC-KLD<br><br><br>**DEFENDANTS'**<br>**PRELIMINARY PRETRIAL**<br>**STATEMENT** |

| RAMONA COSTA-MAURI, an individual, and JOHN DOES 1-10,<br><br>Defendants. | |

## A.   Factual Outline of the Case.

This case arises out of a contract to build a custom home in Ravalli County

Montana.  Mr. Kenner wished to have built a small, modest home.  At some point

during the building of the home the relationship between Mr. Kenner and Mr.

Mauri and Mr. Mauri's various companies assigned to the building project

deteriorated and Mr. Mauri and his companies walked off the job.  By and large,

the project was more than 50% complete at the time Mr. Mauri walked off the job.

What began as a minor construction dispute has morphed into something

much larger.  The allegations in Mr. Kenner's complaint are large and varying.

Counsel is still attempting to sort out the facts that support these claims.  As it

stands Carrie A. McEnroe, Creamery Antique Mall, LLC, and Creamery Building,

LLC have nothing to do with the construction companies that are also owned by

Mr. Maurie.  Moreover, these aforementioned Defendants had nothing to do with

Mr. Kenner or his building project.

After the falling out, it is unclear who finished the house or if it was finished.  This current litigation appears to be a second bite at the apple by Mr. Kenner.  When the Court reviews the Complaint filed in Cause No. CV-21-16-M-DLC-KLD it will note that the claims appear to be largely identical. In this matter Mr. Kenner appears to simply add additional Defendants, a Count claiming Civil Conspiracy, and also requests treble damages under the Consumer Protection Act (no other claim would allow that relief).  As such, it appears that Mr. Kenner is reopening the previous litigation and as such the Court should set aside the previous default judgment.  Furthermore, Mr. Kenner is only allowed one recovery of damages.  See *Spackman v. Ralph M. Parsons Co.*, 147 Mont. 500, 414 P.2d 918 (1966).  With these cases being so intertwined and the cases of action being almost identical the parties and the Court should be mindful of this issue moving forward.  In the original proceeding Mr. Kenner did not claim treble damages under the Montana Unfair Trade Practices and Consumer Protection Act of 1973.  In this current action it appears that he does.  This factual basis of the case is based on a limited amount of information that has been provided to counsel, to date.

**B.      The Basis for Federal Jurisdiction & Venue in the Division.**

All of these defendants are residents of the State of Montana.  Plaintiff is a resident of either South Dakota or North Dakota.  Jurisdiction is appropriate as complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  Personal jurisdiction is not questioned.

Regarding venue all of these defendants are residents of Ravalli County Montana.  Furthermore, the contract at issue was to be performed in Ravalli County, Montana.  Mont. Code Ann. § 25-2-121(1)(b).  As such, the Missoula Division is appropriate.  L.R. 3.2(b).

**C.      Factual and Legal Basis for Claims and Defenses.**

**1.      Failure to State a Claim against Defendants**

Defendants' affirmative defense that the Complaint fails to state a claim upon which relief can be granted is based upon Plaintiff's failure to assert facts that meet the elements of his claims. Upon information and belief, and following the opportunity to discovery additional facts, Defendants believe there is insufficient factual evidence to support the allegations Plaintiff makes, and therefore Plaintiff failed to state a claim upon which relief may be granted with

respect to his claims that Defendant Carrie McEnroe, Creamy Building, LLC and

Creamery Antique Mall, LLC engaged in any  alleged fraudulent activities or had

anything to do with this construction contract.  Upon information and belief, and

following the opportunity to discover additional facts, Defendants believe Plaintiff

has failed to state a claim upon which relief can be granted with respect to his

claims that these answering Defendants received portions of the money that was

taken from him.  Upon information and belief, and following the opportunity to

discover additional facts, Defendants believe Plaintiff has failed to state a claim

upon which relief can be granted with respect to his claims that any of these

answering Defendants misappropriated money or conducted any fraudulent

activity.  Most of the received funds were used to purchase construction materials

and pay for labor.  The prices paid were fair market value for services provided to

Mr. Kenner.

## 2.     Statute of Limitations and Laches

This defense is asserted subject to discovery and to avoid waiver.  Also,

there has been previous litigation and if there was fraud it appears to be outside of

the statute of limitations depending on when Plaintiff was conducting his online

research and when any alleged representation that he relied on were made to him.

### 3.    Statute of Frauds

The facts do not support the existence of any written or oral contract

entered into by and between some of these Defendants and Plaintiff and some

Defendants affirmatively assert there is no written contract between them and

Plaintiff, specifically Ms. McEnroe and her creamery businesses.  For this reason,

the alleged duties and obligations asserted by Plaintiff are subject to the statute of

frauds.

### 4.    The Doctrines of Res Judicata, Collateral Estoppel, Issue Preclusion, and/or Claim Preclusion Bars Plaintiff's Claims

Plaintiff brought claims against Bitterroot Timber Frames, LLC, Three Mile

Creek Post and Beam, LLC, and Brett Mauri in the United States District Court

for the District of Montana Missoula Division, based upon the same underlying

allegations as this lawsuit. The determination of claims in that action may have

preclusive effect in this action.

### 5.    Abuse of Process

This defense is asserted subject to discovery and to avoid waiver. Notwithstanding, some of these Defendants did not enter into a contract with Plaintiff, nor did they make any attempts to defraud Plaintiff or hide or otherwise conceal Plaintiff's money for other defendants in this case. Plaintiff's claims are therefore improper and are brought for an ulterior purpose.  If there is insufficient evidence to support the allegations against some of these Defendants, and some of these Defendants reserve the right to assert claims or defenses for abuse of process, and commensurate damages.

**6.      Consumer Protection Act Does Not Apply**

This is an action involving a residential construction dispute and the facts do not support claims under Montana's Consumer Protection Act.

**7.      Plaintiff's claimed damages, if any, were caused by the acts and/or omissions of individuals and/or entities other than these Defendants.**

This defense is asserted subject to discovery and to avoid waiver.  These Defendants' involvement in this case is tangential at best.  If there are damages, they are not because of these Defendants.

**8.      Plaintiff's damages, if any, were caused or contributed to by the negligence or fault of persons or entities in privity with Plaintiff, and**

**Plaintiff's recovery, if any, should be barred or diminished in accordance with Mont. Code Ann. § 27-1-702.**

This defense is asserted subject to discovery and to avoid waiver.  Plaintiff cannot recover the same damages twice, and any damages against these Defendants must be offset by the comparative fault of other parties.

**9.      Some Defendants did not enter into a contract with Plaintiff.**

The facts do not support the existence of any written or oral contract entered into by and between Defendants and Plaintiff.

**10.    Defendants are not the real parties in interest and Plaintiff was not damaged by them.**

The facts do not support Plaintiff's allegation that some of these Defendants entered into a contract with Plaintiff nor do the facts support Plaintiff's allegations that Defendants defrauded Plaintiff or received portions of Plaintiff's money.

**11.    Plaintiff's claims for punitive damages, if any, is without any basis and violates constitutional protections accorded by the Montana and United States Constitutions.**

The facts do not support any basis for the imposition of punitive damages against Defendants, and the imposition of punitive damages would be excessive

and violate fairness and notice. An award of punitive damages against Defendants is not proportionate or reasonable considering Plaintiff's alleged harm.

**12.    Plaintiff has already recovered damages in this case against other parties and any amount recovered in this case should be offset by any amount previously recovered by Plaintiff.**

Plaintiff brought claims against Bitterroot Timber Frames, LLC, Three Mile Creek Post and Beam, LLC, and Brett Mauri in the United States District Court for the District of Montana Missoula Division, based upon the same underlying allegations as this lawsuit. The determination of claims in that action may have preclusive effect in this action.

**D.    Legal theories underlying Defendants' defenses.**

Defendants affirmative defenses are based upon the following legal theories:

**1.    Failure to State a Claim against Defendants.**

One or more of Plaintiff's claims fail to state a cognizable claim for relief. Fed. R. Civ. P. 12(b)(6).

**2.    Statute of Limitations and Laches.**

A statute of limitations defense may apply depending upon the outcome of discovery.

### 3.      Statute of Frauds.

No written agreement exists whereby these Defendants are obligated to answer for the debt, default or claims of another entity. Mont. Code Ann. § 28-2-903. Unless there is some writing sufficient to indicate that a contract for sale has been made between these Defendants and Plaintiff, Plaintiffs claims that require a contract in writing will fail.

### 4.      The Doctrines of Res Judicata, Collateral Estoppel, Issue Preclusion, and/or Claim Preclusion Bars Plaintiff's Claims.

Collateral estoppel bars the parties or those in privity with them from relitigating matters previously necessarily litigated and determined, even if the claim in the subsequent action is different. *Scott v. Scott,* 283 Mont. 169, 175, 939 P.2d 998, 1001 (1997).  Plaintiff has already litigated a case substantially similar to this: Case 9:21-cv00016-DLC-KLD Doc. 1.

### 5.   Abuse of Process.

Abuse of process entails an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. *Brault v. Smith*, 209 Mont. 21, 28–29, 679 P.2d 236, 240 (1984).  Based on the limited evidence discovered thus far, there does not appear to be sufficient evidence for Plaintiff to raise the claims it has against these Defendants.  Plaintiff must have evidence that money was transferred from a Defendant subject to Plaintiff's default judgment to Carey McEnroe or any of her business entities for an improper purpose.  Ms. McEnroe and Mr. Mauri are common law husband and wife and share bank accounts, a household, funds, children, wear wedding rings, and generally hold themselves out as married.

## 6. Consumer Protection Act Does Not Apply.

A consumer may not bring an action under this Act if the consumer is bringing an action subject to Mont. Code Ann. §§ 70-19-427 or 70-19-428. Mont. Code Ann. § 30-14-133(1)(b).  This case appears to be proceeding directly within these exceptions.

## 7.	Plaintiff's claimed damages, if any, were caused by the acts and/or omissions of individuals and/or entities other than Defendants.

If a defendants' act was not the proximate cause of the party's damages, then the chain of causation is broken. *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶ 39, 342 Mont. 335, 181 P.3d 601.

**8.    Plaintiff's damages, if any, were caused or contributed to by the negligence or fault of persons or entities in privity with Plaintiff, and Plaintiff's recovery, if any, should be barred or diminished in accordance with Mont. Code Ann. § 27-1-702.**

If a defendants' act was not the proximate cause of the party's damages, then the chain of causation is broken. *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶ 39, 342 Mont. 335, 181 P.3d 601.

**9.   Defendants did not enter into a contract with Plaintiff.**

There is no evidence of a contract, written or oral, with Plaintiff and these Defendants.

**10.    Defendants are not the real parties in interest and Plaintiff was not damaged by them.**

Every action must be prosecuted in the name of the real party in interest.

Fed. R. Civ. P. 17(a). If Plaintiff is not the real party in interest, his claims should

fail.

**11.     Plaintiff's claims for punitive damages, if any, is without any basis and violates constitutional protections accorded by the Montana and United States Constitutions.**

The Due Process Clause "prohibits the imposition of grossly excessive or

arbitrary punishments on a tortfeasor." *State Farm Mut. Auto. Ins. Co. v. Campbell*,

538 U.S. 408, 416-17 (2003) (internal citations omitted). "To the extent an award is

grossly excessive, it serves no legitimate purpose and constitutes an arbitrary

deprivation of property." *Campbell*, 538 U.S. at 416-17 (internal citations omitted).

**12.     Plaintiff has already recovered damages in this case against other parties and any amount recovered in this case should be offset by any amount previously recovered by Plaintiff.**

Damages must in all cases be reasonable, and where an obligation of any

kind appears to create a right to unconscionable and grossly oppressive damages

contrary to substantial justice, no more than reasonable damages can be recovered.

Mont. Code Ann. § 27-1-302.  Damages should not lead to a double recovery.

*McEwen v. MCR, LLC,* 2012 MT 319, ¶¶ 65–66, 368 Mont. 38, 291 P.3d 1253

(explaining that damages for breach of contract should not lead to a double

recovery or to placing a party in a better position than if the contract had been

performed as bargained).  Furthermore, the law favors efficient breach of contract.

**E.     Computation of Damages.**

Defendants are not seeking any damages in this matter at this time.  They do however reserve the right to file a counterclaim within the amendment period, should the law and facts lead to that conclusion.

**F.     Related Litigation.**

There is related federal litigation that was filed in this division.  It is Cause No. CV-21-16-M-DLC-KLD.  Mr Kenner obtained a default judgment in this matter against Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC, and Brett Mauri.  The default judgment was obtained on or about April 8, 2021.  The claims in that litigation largely mirror the allegations in this current litigation.  Furthermore, Mr. Kenner has already begun levying on that default judgment and has sold many expensive pieces of personal property to include forklifts and vehicles.  These Defendants estimate that close to $1,000,000.00 worth of materials have been seized to date and sold at auction for far less than market value.

**G.     Proposed Additional Stipulations of Fact and Law.**

1.     There was a written contract between Mr. Kenner and Mr. Mauri and his associated companies constructed a custom timber frame home in Ravalli County, Montana.

2.      Ms. McEnroe and her companies Creamery Antique Mall, LLC and the Creamery Building, LLC, in no way had anything to do with Mr. Kenner or the construction of his home that gave rise to this litigation and the associated litigation in Cause No. CV-21-16-M-DLC-KLD.

3.      Mr. Kenner has already seized and sold property for claims in previous litigation.  Those claims are now being raised in this litigation and these Defendants are entitled to a credit or setoff for monies previously recovered.

**H.      Proposed Deadline for Joinder and Amendment.**

These Defendants respectfully request approximately 60 days for joinder or amendment from the date of the Preliminary Pretrial Conference, and suggest a Monday, March 14, 2022 deadline.

**I.      Controlling Issues of Law Suitable for Pretrial Disposition.**

None at this time.

**J.      Persons Known or Believed to Have Information that May Be Used to Prove or Deny Any Party's Claims or Defenses.**

1.      ***Brett Mauri***

c/o Nathan A. Fluter & Associates, PLLC

2.      ***Carrie McEnroe***

c/o Nathan A. Fluter & Associates, PLLC

3.      ***Brian Kenner***

c/o Christian, Samson & Basket, PLLC

4.     ***Various Former Employees*** of Bitterroot Timber Frames that manufactured the various components for the Kenner project.  Counsel for Bitterroot Timber Frames is currently working to identify more precisely these exact individuals.

5.     ***James Mauri***

     c/o Schmidt Berkoff Lawfirm, PLLC

6.     ***Ramona Costa-Mauri***

     c/o Schmidt Berkoff Lawfirm, PLLC

7.     ***Various contractors, vendors, employees, subcontractors*** that performed the work at the construction site.  Some of these people may have witnessed the growing discontent between Mr. Kenner and Mr. Mauri.  It was this discontent that led to Mr. Maruri walking off the job site.  Counsel for Mr. Mauri has just begun to determine the identity of these individuals and will update the Court and Parties once firm identities have been determined.

8.     ***Anyone involved in the seizure*** of personal property and sale of said property in the various sheriff sales that occurred in Cause No. CV-21-16-M-DLC-KLD to partially satisfy the default judgment.

9.     ***Various FBI Agents.***  These Defendants are aware that the FBI has opened

an investigation and has contacted several of Mr. Mauri's previous and current

construction clients.  The exact nature of the investigation is unknown at this time.

Upon information and belief one agent's name is believed to be "Michelle" last

name unknown at this time.  Based upon further information and belief her duty

station is Missoula, Montana.

10.     ***Construction Clients***, past and present that have been contacted by the FBI.

11.     ***Various Personnel at the Ravalli County Sheriff's Office*** that seized

property, sold property, and/or prepared the notice of seizures and various

documents related to the sales and seizures.

12.     ***Various IRS Agents***, there appears to be IRS agents investigation Mr. Mauri

regarding various issues.  It is unclear if the agents are investigating after

information was provided to them by the FBI, Mr. Kenner, other private

individuals, or governmental entities.

**K.     Insurance Agreements that May Cover Any Resulting Judgment.**

Whether and to what extent these Defendants are insured against these

allegations in this case is presently unknown.  Counsel for these Defendants is

currently attempting to ascertain what insurance was in place at the time of the

incidents raised in the Complaint.  Furthermore, many of the allegations raised in this Complaint are intentional torts and generally those are not insurable.  Also, all of the claims in this Complaint other than the Civil Conspiracy were raised in the previous Complaint and subject to the default judgment.  To the extent there was coverage in place the insurance company may challenge coverage given this late juncture in the proceedings.  *See generally, Atlantic Cas. Ins. Co. v. Greytak*, 2015 MT 149, 379 Mont. 332, 350 P.3d 63; *Steadle v. Colony Ins. Co.*, 2011 MT 208, 361 Mont. 459, 260 P.3d 145.

**L.**     **Status of Settlement Discussion and Prospects for Compromise.**

These Defendants do not believe that this matter is capable of resolution until written discovery and several depositions are first completed.  That said, they would be open to settlement negotiations, if a reasonable resolution can be reached. Any settlement negotiations need to take into account the amounts Plaintiff has recovered in Cause No. CV-21-16-M-DLC-KLD.  Further compromising the ability to settle this matter is the fact that many items of property have been seized and sold at least two sheriff sales.  The Defendant Ms. McEnroe had personal automobiles that were titled solely in her name seized and sold.  She was never made aware of the fact that she could have challenged that as a third party rather

than in an exemption claim.  She is in possession of car titles that demonstrate her property was seized and sold.  In the previous litigation she was not named and thus not a judgment debtor and Mr. Kenner had no legal basis to seize and sell her personal property.  Again, not knowing what insurance coverage may have been in place will likely create a further barrier to settlement.

**M.    Suitability of Special Procedures.**

None at this time.

**N.    Electronically Stored Information.**

**(a) Issues Related to Discovery or Preservation.**

At this time these Defendants are not aware of any issues related to the preservation of electronically stored information. A largest piece of electronically stored information that these Defendants are aware of, are bank records and records associated with the different companies, individuals, and their respective financial institutions.  These records and related electronically stored information will likely go to the core of Mr. Kenner's claim for Civil Conspiracy and various Fraud allegations.

**(b) Fed. R. Civ. Pro. 16(b)(3)(B)(iii), 26(f)(3)(C).**

These Defendants are unaware of any issues that will make it cumbersome or difficult to comply with the disclosure, discovery or preservation of electronically stored information as required by Fed. R. Civ. Pro. 16(b)(3)(B)(iii).

DATED this 5th day of January, 2022.

NATHAN A. FLUTER & ASSOCIATES, PLLC

/s/ Nathan A. Fluter, Esq.
Nathan A. Fluter, Esq.

*Attorney for Defendants Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC, Insulation Evolution, Brett Mauri, The Creamery, LLC, Creamery Building, LLC, and Carrie A. McEnroe*