Carey B. Schmidt
Dave Berkoff
Schmidt Berkoff, PLLC
1917 S. Higgins
Missoula, MT 59801
Phone: (406) 552-1450
Email: carey@blackfootlaw.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| BRIAN KENNER,<br>    Plaintiff,<br>  vs.<br><br>BITTERROOT TIMBER FRAMES, LLC, a Montana Limited Liability Company, THREE MILE CREEK POST & BEAM, LLC, a Montana Limited Liability Company, INSULATION EVOLUTION, a Montana For-Profit Company, BRETT MAURI, an individual, CREAMERY ANTIQUE MALL, LLC, a Montana Limited Liability Company, CREAMERY BUILDING, LLC, a Montana Limited Liability Company, CARRIE A. McENROE, an individual, JAMES MAURI, an individual, MCM DESIGNS, a For-Profit Corporation, RAMONA "MONA" COSTA aka RAMONA COSTA-MAURI, an individual, and JOHN DOES 1-10,<br>    Defendants. | Cause 9:21-cv-00120-DCL-KLD<br><br>**DEFENDANTS JAMES MAURI, MCM DESIGNS, AND RAMONA "MONA" COSTA aka RAMONA COSTA-MAURI'S PRELIMINARY PRETRIAL STATEMENT** |

Defendants James Mauri, MCM Designs, and Ramona "Mona" Costa aka Ramona Costa-Mauri ("Defendants"), through their counsel of record, Schmidt Berkoff, PLLC, and pursuant to Local Rule 16.2(b)(1) and this Court's Order dated October 14, 2021 (Doc. 3), respectfully submit the following preliminary pretrial statement:

## A.   Brief Factual Outline of the Case

Based on our limited investigation at this point, we understand the facts as follows:

This is a civil action arises from a construction dispute between Plaintiff Brian Kenner and Defendant Bitterroot Timber Frames, LLC.  Though Plaintiff obtained a default judgment against that primary defendant, Plaintiff now sues and alleges the 10 named Defendants conspired to hide money subject to execution on the Default Judgment.  Plaintiff has revived the original construction dispute to assert claims against these additional Defendants in order to broaden the net for execution on his original Default Judgment.

Brett Mauri manages and owns Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC, and Insulation Evolution Co.  Carrie McEnroe is Brett's spouse and is involved in Creamery Antique Mall, LLC, and Creamery Building, LLC.

Defendant James Mauri ("James") is Brett's father and is very largely retired from the construction business, but occasionally will talk about the business with prospective clients. He no longer has management duties or is employed in any official capacity with any of the construction businesses. Defendant Ramona Mona Costa aka Ramona Costa-Mauri ("Ramona") is James's spouse. Ramona has a small web design business called MCM Designs ("MCM"). MCM does the website work for the construction businesses.

Plaintiff's claims against James, Ramona, and MCM, are essentially that they participated in activity to hide money from Plaintiff to protect the construction businesses and Brett by overcharging the businesses for website work. James, Ramona, and MCM deny these allegations, and have asserted that the financial transactions between the construction businesses and them are legitimate.

## B.   Basis for Federal Jurisdiction and Venue

Jurisdiction is based on diversity. Plaintiff alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332 because (i) complete diversity of citizenship exists between the parties; and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest an costs.

Venue is appropriate in the Missoula Division under 28 U.S.C. § 1391 and Local Rule 3.2 because the events giving rise to Plaintiff's claims occurred in Ravalli County and Ravalli County is within the Missoula Division of the United State District Court for the District of Montana.

**C.     Factual Basis for Defendant's Claims or Defenses**

At this early state of the case, and subject to Defendant's right to supplement and/or amend their Preliminary Pretrial Statement and their Answer, Defendants have asserted the following affirmative defenses:

**1.     Failure to State a Claim against Defendants**

Defendants' affirmative defense that the Complaint fails to state a claim upon which relief can be granted is based upon Plaintiff's failure to assert facts that meet the elements of his claims. Upon information and belief, and following the opportunity to discovery additional facts, Defendants believe there is insufficient factual evidence to support the allegations Plaintiff makes, and therefore Plaintiff failed to state a claim upon which relief may be granted with respect to his claims that Defendant James Mauri entered into a contract with Plaintiff and was intricately involved in the operations of Defendants Bitterroot Timber Frames, LLC and Three Mile Creek Post and Beam and their alleged fraudulent activities.  Upon information and belief, and following the opportunity

to discover additional facts, Defendants believe Plaintiff has failed to state a claim upon which relief can be granted with respect to his claims that Defendant James Mauri received portions of the money that was taken from him. Upon information and belief, and following the opportunity to discover additional facts, Defendants believe Plaintiff has failed to state a claim upon which relief can be granted with respect to his claims that Defendant MCM Designs received more than fair market value for services provided for website design and maintenance. Upon information and belief, and following the opportunity to discovery additional facts, Defendants believe Plaintiff fails to state a claim upon which relief can be granted with respect to his claims that Defendant MCM Designs received overpayments in an attempt to hide or otherwise conceal money for any other defendant.

   2.     **Statute of Limitations and Laches**

This defense is asserted subject to discovery and to avoid waiver. According to the original Complaint, Plaintiff's construction contract around January 2019 and his research into the representations of the website occurred prior, presumably 2018. Case 9:21-cv00016-DLC-KLD Doc. 1 pg. 5 (Feb. 3, 2021). The evidence may show that the alleged claims should have been discovered around that time, making any claim with a two year statute of limitation begin to run.

### 3. Statute of Frauds

The facts do not support the existence of any written or oral contract entered into by and between Defendants and Plaintiff and Defendants affirmatively assert there is no written contract between them and Plaintiff. For this reason, the alleged duties and obligations asserted by Plaintiff are subject to the statute of frauds.

### 4. The Doctrines of Res Judicata, Collateral Estoppel, Issue Preclusion, and/or Claim Preclusion Bars Plaintiff's Claims

Plaintiff brought claims against Bitterroot Timber Frames, LLC, Three Mile Creek Post and Beam, LLC, and Brett Mauri in the United States District Court for the District of Montana Missoula Division, based upon the same underlying allegations as this lawsuit. The determination of claims in that action may have preclusive effect in this action.

### 5. Abuse of Process

This defense is asserted subject to discovery and to avoid waiver. Notwithstanding, Defendants did not enter into a contract with Plaintiff, nor did they make any attempts to defraud Plaintiff or hide or otherwise conceal Plaintiff's money for other defendants in this case. Plaintiff's claims are therefore improper and are brought for an ulterior purpose. If there is insufficient evidence to support the allegations against these Defendants, then these Defendants reserve

the right to assert claims or defenses for abuse of process, commensurate damages.

## 6. Consumer Protection Act Does Not Apply

This is an action involving a residential construction dispute and the facts do not support claims under Montana's Consumer Protection Act.

## 7. Plaintiff's claimed damages, if any, were caused by the acts and/or omissions of individuals and/or entities other than Defendants James Mauri, MCM Designs, and Ramona "Mona" Costa AKA Ramona Costa-Mauri.

This defense is asserted subject to discovery and to avoid waiver. These Defendants' involvement in this case is tangential at best. If there are damages, they are not because of these Defendants.

## 8. Plaintiff's damages, if any, were caused or contributed to by the negligence or fault of persons or entities in privity with Plaintiff, and Plaintiff's recovery, if any, should be barred or diminished in accordance with Mont. Code Ann. § 27-1-702.

This defense is asserted subject to discovery and to avoid waiver. Plaintiff cannot recover the same damages twice, and any damages against these Defendants must be offset by the comparative fault of other parties.

## 9. Defendants did not enter into a contract with Plaintiff

The facts do not support the existence of any written or oral contract entered into by and between Defendants and Plaintiff.

**10.   Defendants are not the real parties in interest and Plaintiff was not damaged by them**

The facts do not support Plaintiff's allegation that Defendant James Mauri entered into a contract with Plaintiff nor do the facts support Plaintiff's allegations that Defendants defrauded Plaintiff or received portions of Plaintiff's money.

**11.   Plaintiff's claims for punitive damages, if any, is without any basis and violates constitutional protections accorded by the Montana and United States Constitutions**

The facts do not support any basis for the imposition of punitive damages against Defendants, and the imposition of punitive damages would be excessive and violate fairness and notice. An award of punitive damages against Defendants in not proportionate or reasonable considering Plaintiff's alleged harm.

**12.   Plaintiff has already recovered damages in this case against other parties and any amount recovered in this case should be offset by any amount previously recovered by Plaintiff**

Plaintiff brought claims against Bitterroot Timber Frames, LLC, Three Mile Creek Post and Beam, LLC, and Brett Mauri in the United States District Court for the District of Montana Missoula Division, based upon the same underlying allegations as this lawsuit. The determination of claims in that action may have preclusive effect in this action.

//

**D.     Legal theories underlying Defendants' defenses**

Defendants affirmative defenses are based upon the following legal theories:

**1.      Failure to State a Claim against Defendants**

One or more of Plaintiff's claims fail to state a cognizable claim for relief. Fed. R. Civ. P. 12(b)(6).

**2.      Statute of Limitations and Laches**

A statute of limitations defense may apply depending upon the outcome of discovery.

**3.      Statute of Frauds**

No written agreement exists whereby these Defendants are obligated to answer for the debt, default or claims of another entity. Mont. Code Ann. § 28-2-903. Unless there is some writing sufficient to indicate that a contract for sale has been made between these Defendants and Plaintiff, Plaintiffs claims that require a contract in writing will fail.

**4.      The Doctrines of Res Judicata, Collateral Estoppel, Issue Preclusion, and/or Claim Preclusion Bars Plaintiff's Claims**

Collateral estoppel bars the parties or those in privity with them from relitigating matters previously necessarily litigated and determined, even if the claim in the subsequent action is different. *Scott v. Scott,* 283 Mont. 169, 175, 939

P.2d 998, 1001 (1997). Plaintiff has already litigated a case substantially similar to this: Case 9:21-cv00016-DLC-KLD Doc. 1.

### 5. Abuse of Process

Abuse of process entails an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. *Brault v. Smith*, 209 Mont. 21, 28–29, 679 P.2d 236, 240 (1984). Based on the limited evidence discovered thus far, there does not appear to be sufficient evidence for Plaintiff to raise the claims it has against these Defendants. Plaintiff must have evidence that money was transferred from a Defendant subject to Plaintiff's default judgment to James, Ramona, or MCM. It appears there is no such evidence.

### 6. Consumer Protection Act Does Not Apply

A consumer may not bring an action under [the MCPA] if the consumer is bringing an action subject to M.C.A. §§ 70-19-427 or 70-19-428. Mont. Code Ann. § 30-14-133(1)(b).

### 7. Plaintiff's claimed damages, if any, were caused by the acts and/or omissions of individuals and/or entities other than Defendants James Mauri, MCM Designs, and Ramona "Mona" Costa AKA Ramona Costa-Mauri.

If a defendants' act was not the proximate cause of the party's damages, then the chain of causation is broken. *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶ 39,

342 Mont. 335, 181 P.3d 601.

8. **Plaintiff's damages, if any, were caused or contributed to by the negligence or fault of persons or entities in privity with Plaintiff, and Plaintiff's recovery, if any, should be barred or diminished in accordance with Mont. Code Ann. § 27-1-702.**

If a defendants' act was not the proximate cause of the party's damages, then the chain of causation is broken. *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶ 39, 342 Mont. 335, 181 P.3d 601.

9. **Defendants did not enter into a contract with Plaintiff**

There is no evidence of a contract, written or oral, with Plaintiff and these Defendants.

10. **Defendants are not the real parties in interest and Plaintiff was not damaged by them**

Every action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). If Plaintiff is not the real party in interest, his claims should fail.

11. **Plaintiff's claims for punitive damages, if any, is without any basis and violates constitutional protections accorded by the Montana and United States Constitutions**

The Due Process Clause "prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-17 (2003) (internal citations omitted). "To the extent an award

is grossly excessive, it serves no legitimate purpose and constitutes an arbitrary deprivation of property." *Campbell*, 538 U.S. at 416-17 (internal citations omitted).

### 12. Plaintiff has already recovered damages in this case against other parties and any amount recovered in this case should be offset by any amount previously recovered by Plaintiff

Damages must in all cases be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages contrary to substantial justice, no more than reasonable damages can be recovered. Mont. Code Ann. § 27-1-302.  Damages should not lead to a double recovery. *McEwen v. MCR, LLC,* 2012 MT 319, ¶¶ 65–66, 368 Mont. 38, 291 P.3d 1253 (explaining that damages for breach of contract should not lead to a double recovery or to placing a party in a better position than if the contract had been performed as bargained).

### E.     Computation of Damages

Defendants are not seeking damages but are alternatively seeking an award of their costs and expenses, including their reasonable attorney fees, for responding to Plaintiffs' factually unsupported allegations against them. A computation cannot be provided at this time since costs and fees are currently being incurred and will continue to accrue throughout this case. These Defendants do not believe Plaintiff is entitled to any damages in this case but that there may

be a basis for these Defendants to recover upon claims against Plaintiff. However, these Defendants reserve their right to assert claims until sufficient discovery occurs.

## F.     Related State or Federal Litigation.

Plaintiff brought filed claims against Defendants Bitterroot Timber Frames, LLC, Three Mile Creek Post and Beam, LLC, and Brett Mauri in United States District Court for the District of Montana entitled *Brian Kenner v. Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC, and Brett Mauri,* Case No. 9:21-cv-00016-DLC-KLD. The lawsuit is based upon the same underlying factual allegations as the instant case. Plaintiff obtained judgment by default against the defendants in the amount of $331,996.50 plus interest. The facts supporting that case are the same as alleged here, though this case has more defendants and alleges claims related to alleged efforts to preclude execution on the default judgment.

## G.     Proposed Additional Stipulations of Fact not in the Statement of Stipulated Facts.

These Defendants propose no additional stipulations of fact at this time.

## H.     Proposed Deadline Relating to Joinder of Parties or Amendment of the Pleadings.

Defendants are not aware of additional parties to this action but suggest a deadline of sixty days from the pretrial conference for joinder of parties or amendment of pleadings.

**I.     Controlling Issues of Law Suitable for Pretrial Disposition.**

Defendants have not yet identified all the pretrial motions they intend to file and reserve the right to present pertinent motions as appropriate. Notwithstanding, Defendants' anticipate filing a motion for summary judgment on liability in connection with Plaintiff's claims against them. Whether summary judgment is appropriate will depend upon the factual evidence to support the allegations that the construction entities and Brett Mauri wrongly transferred money to these Defendants.

**J.     The Name and City and State of Current Residence of Each Individual Known or Believed to Have Information That May Be Used in Proving or Denying Any Party's Claims or Defenses, and a Summary of That Information**

The following individuals are believed to have pertinent information:

1. Defendant James Mauri
   c/o Schmidt Berkoff, PLLC

2. Defendant Ramona "Mona" Costa aka Ramona Costa-Mauri
   c/o Schmidt Berkoff, PLLC

3. Brett Mauri
   c/o Nathan A. Fluter & Associates, PLLC.

4. Carrie McEnroe
c/o Nathan A. Fluter & Associates, PLLC.

5. Any person or entity identified by other parties in this matter.

**K.  Insurance Agreements**

Defendants are not currently aware of any insurance agreements that may be applicable to this action.

**L.  Status of Settlement Discussions and Prospects for Compromise**

Plaintiff has not made a settlement demand to these Defendants, and the likelihood of compromise is unknown at this time. However, Defendants believe that a compromise would be ascertainable once the parties have conducted discovery.

**M.  Suitability of Special Procedures**

None at this time.

**N. Electronically Stored Information.**

**(a) Issues Related to Discovery or Preservation.**

The case will require disclosure of Defendants' sensitive and confidential financial information, including banking information, banking transactions, and bank records. These records and related electronically stored information will be central to the allegations of Civil Conspiracy and various Fraud allegations.

**(b) Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).**

The parties should be required to redact full financial banking information including account numbers, routing numbers, private personal information, or other sensitive data related to discovery. However, Defendants are unaware of any issues that will make it cumbersome or difficult to comply with the disclosure, discovery, or preservation of electronically stored information as required by Fed. R. Civ. Pro. 16(b)(3)(B)(iii).

DATED: January 5, 2022

SCHMIDT BERKOFF, PLLC

 /s/ Carey B. Schmidt

*Attorney for Defendants James Mauri MCM Designs and Ramona "Mona" Costs aka Ramona Costa-Mauri*