Rufus I. Peace
CHRISTIAN, SAMSON &
BASKETT, PLLC
310 W. Spruce Street
Missoula, Montana 59802
Tel:  (406) 721-7772
Email: rpeace@csjlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| BRIAN KENNER,<br><br>               Plaintiff,<br>      vs.<br><br>BITTERROOT TIMBER FRAMES, LLC, a Montana Limited Liability Company, THREE MILE CREEK POST & BEAM, LLC, a Montana Limited Liability Company, INSULATION EVOLUTION, a Montana For-Profit Company, BRETT MAURI, an individual, CREAMERY ANTIQUE MALL, LLC, a Montana Limited Liability Company, CREAMERY BUILDING, LLC, a Montana Limited Liability Company, | Cause No. CV-21-120-M-DLC-KLD<br><br>**BRIEF IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

| | |
|---|---|
| CARRIE A. McENROE, an individual, JAMES MAURI, an individual, MCM DESIGNS, a For-Profit Corporation, RAMONA "MONA" COSTA aka RAMONA COSTA-MAURI, an individual, and JOHN DOES 1-10, <br><br> Defendants. | |

COMES NOW Plaintiff, Brian Kenner, by and through counsel, and hereby respectfully submits this Brief in Support of Motion to Voluntarily Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2).

## INTRODUCTION

On October 13, 2021, Plaintiff initiated this action by filing his Complaint and Demand for Jury Trial against the above-named Defendants. Plaintiff alleged ten different counts against the multitude of named defendants, making this a complex and likely costly action to prosecute effectively. As of this writing, all parties have answered, filed preliminary pretrial disclosure statements, and a joint discovery plan, little else has been done.

Now, after considering the likelihood of full recovery, Plaintiff has determined that it is in his best interest to cease pursuit of this action. This decision is not based upon Plaintiff's perception of the validity of the claims, but upon the likelihood that Plaintiff will not be able to recover after successfully prosecuting this action.

## LEGAL STANDARD

### A. Dismissal Without Court Order

Once filed, an action can be voluntarily dismissed by the Plaintiff without a court order prior to any party answering, or with the stipulation of all parties who have answered. Fed. R. Civ. P. 40(a)(1).  Here, all parties have answered, and the Defendants have declined to stipulate to a dismissal of the action, so this section in inapplicable.

### B. Dismissal by Court Order

When a party has answered and does not stipulate to a dismissal, a plaintiff may move for dismissal anytime under Federal Rule of Civil Procedure 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper[.]" Fed. R. Civ. P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion[.]" *Stevedoring Servs.*, 889 F.2d at 921 (citation omitted). Voluntary dismissal is proper so long as it does not cause the defendant "plain legal prejudice." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

"Legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). To assess legal prejudice, courts examine, whether a dismissal without prejudice would diminish access to a federal forum, to a jury trial, or bar a statute-of-limitations defense. See *American Nat'l Bank & Trust Co. v. BIC Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Manshack v. S.W. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1276 (5th Cir. 1990); Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987).

Legal prejudice is not, however, mere "[u]ncertainty because a dispute remains unresolved" or incurring "substantial expense in litigating the present lawsuit." *Westlands*, 100 F.3d at 97 (citation omitted); *Hamilton*, 679 F.2d at 146. Nor does legal prejudice result when a plaintiff "could have sought dismissal sooner than they did[.]" *Westlands*, 100 F.3d at 97.

## ARGUMENT

Plaintiff moves this Court to dismiss this action without prejudice in the very beginning stages of litigation. No discovery has been exchanged, no depositions taken, and no substantive motions made, which is part of Plaintiff's consideration to move to dismiss at this time. Plaintiff has become aware that the chances of recovery after successful prosecution of this action are limited and therefore, it is Plaintiff's best interest to cease pursuing this matter.

The Court's dismissal without prejudice will not cause Defendants' any legal prejudice. No counterclaims have been made in this matter and should Defendants believe they have valid claims against Plaintiff, then Defendants' access to any legal forum will not be restricted or diminished by the Court's dismissal without prejudice. Additionally, to Plaintiff's knowledge, no legal argument or defense will be impacted by the Court's dismissal without prejudice. Moreover, any issue regarding any statute of limitations would exist with or without the Court's dismissal.

## **CONCLUSION**

For the above stated reasons, the Court should dismiss this action without prejudice.

DATED this 9th day of January, 2022.

                                        CHRISTIAN, SAMSON & BASKETT, PLLC

                                        /s/ Rufus I. Peace
                                        Rufus I. Peace
                                        *Attorney for Plaintiff*