Carey B. Schmidt
Dave Berkoff
Schmidt Berkoff, PLLC
1917 S. Higgins
Missoula, MT 59801
Phone: (406) 552-1450
Email: carey@blackfootlaw.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| BRIAN KENNER,<br>            Plaintiff,<br>vs.<br><br>BITTERROOT TIMBER FRAMES, LLC, a Montana Limited Liability Company, THREE MILE CREEK POST & BEAM, LLC, a Montana Limited Liability Company, INSULATION EVOLUTION, a Montana For-Profit Company, BRETT MAURI, an individual, CREAMERY ANTIQUE MALL, LLC, a Montana Limited Liability Company, CREAMERY BUILDING, LLC, a Montana Limited Liability Company, CARRIE A. McENROE, an individual, JAMES MAURI, an individual, MCM DESIGNS, a For-Profit Corporation, RAMONA "MONA" COSTA aka RAMONA COSTA-MAURI, an individual, and JOHN DOES 1-10,<br>            Defendants. | Cause 9:21-cv-00120-DCL-KLD<br><br>**DEFENDANTS JAMES MAURI, MCM DESIGNS, AND RAMONA "MONA" COSTA aka RAMONA COSTA-MAURI'S RESPONSE TO PLAINTIFF'S RULE 41(a)(2) MOTION TO DISMISS** |

Defendants James Mauri, MCM Designs, and Ramona "Mona" Costa aka Ramona Costa-Mauri ("James, Mona, and MCM," respectively), through their counsel of record, Schmidt Berkoff, PLLC, respectfully submit the following response to Plaintiff Brian Kenner's ("Plaintiff") motion to dismiss:

## I. INTRODUCTION

This is the second civil action arising from a construction dispute between Plaintiff and Defendant Brett Mauri ("Brett") and his construction businesses Bitterroot Timber Frames, LLC, and Three Mile Creek Post & Beam, LLC ("Construction Businesses"). Consequently, Defendants respectfully request the matter 1) be dismissed with prejudice and 2) their reasonable fees and costs be awarded. Alternatively, if dismissal without prejudice is granted, they seek costs and fees.

## II. STATEMENT OF FACTS

Plaintiff previously sued Brett and his Construction Businesses on February 3, 2021. Doc. 1 ¶ 30. On April 26, 2021, Plaintiff obtained a default judgment against Brett in the amount of $327,566 plus costs of $4,440.50 and interest thereon. *Id.*, ¶ 32; *See also* Case No. 9:21-cv-00016-DLC-KLD, Doc. 12.

Plaintiff alleges that while executing on the default judgment, he learned that Brett had transferred the money for the construction project to his relatives. *Id*. ¶ 34. Plaintiff filed this action against 10 Defendants and 10 John Does on

October 13, 2021, including Brett's father James and James' wife Ramona, individually, alleging they conspired to fraudulently transfer money to avoid execution of the April 26, 2021, default judgment. Doc. 1.

Plaintiff alleged a multitude of claims against James, some nearly identical to the first lawsuit, and many alleging fraudulent efforts to help Brett avoid the default judgment: Fraud (Count II), Constructive Fraud (Count III), Unjust Enrichment (Count IV) Negligent Construction (Count V), Negligent Misrepresentation (Count VI), Consumer Protection Violation (Count VII), Civil Conspiracy (Count VIII), Constructive Fraudulent Transfer (Count IX), or Intentional Fraudulent Transfer (Count X). Plaintiff alleged many claims against Ramona and MCM, alleging similar assistance in avoiding successful execution of the default judgment: Unjust Enrichment (Count IV), Consumer Protection Violation (Count VII), Civil Conspiracy (Count VIII), Constructive Fraudulent Transfer (Count IX), and Intentional Fraudulent Transfer (Count X).

The key factual allegation is that "much of the money taken from Brian was transferred to relations of Brett Mauri and used to support the various businesses of those relations. Doc. 1 (Compl. ¶ 34). He further alleged that "Defendant James Mauri is an intricate part of the operations of Bitterroot Timber Frames and Three Mile Creek Post & Beam, and the fraudulent activities thereof." *Id.* ¶ 38. Plaintiff further alleges "James Mauri received portions of the money taken from

Brian, for the purpose of hiding the money and/or for his personal uses." *Id*. ¶ 39. Many of the counts allege the businesses "transferred funds and engaged in other activities without receiving a reasonably equivalent value in exchange for the transfer." *See generally,* Doc. 1. Summarized, Plaintiff sued James, Ramona, and MCM asserting they conspired to fraudulently transfer money subject to the default judgment. Though Plaintiff subpoenaed Brett's bank records, they do not establish a pattern of fraudulent transfers after the default judgment, certainly not in dollar amounts equivalent to the default judgment.

### III. LEGAL STANDARD

After an answer by a Defendant, a plaintiff may dismiss the case only upon court order, on terms the court considers proper. Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) prevents abusive litigation tactics by a plaintiff and the attendant legal prejudice to a defendant. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westland Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation ... causes uncertainty" does not result in

plain legal prejudice. *Id*. at 96–97; *see also Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

### 1. The Case Should Be Dismissed With Prejudice.

The Court has discretion to grant dismissal on terms the Court deems proper.  The Plaintiff has already litigated this matter through to a judgment on one occasion.  This new matter reasserts many of the original claims a second time, essentially requesting a double recovery.  Moreover, some of the allegations appear to lack any factual foundation, for example, despite James Mauri never communicating to Plaintiff, Plaintiff asserted that ". . . James Mauri represented to Brian that monies paid by Brian were being used to purchase materials for and fund the construction of Brian's house." Doc. 1. ¶ 54.  Plaintiff has not shown evidence of conspiracy to fraudulently transfer money to protect against the default judgment.  Plaintiffs' payments were made primarily in 2019, while the default judgment did not occur until April 26, 2021.  The timeline for the claims is simply unsupported.  It is improper for a litigant to file multiple actions in the same court on the same claims, especially where they are unlikely to prevail. *LeFer v. Murry*, 978 F. Supp. 2d 1177, 1185 (D. Mont. 2013).

Serial filing of claims has been held to equate to prejudice and legal harm. *Id.* In *LeFleur*, Judge Molloy concluded that voluntary dismissal without prejudice was inappropriate where a plaintiff sought to avoid an adverse decision on a

motion for summary judgment. *Id*. Where a party has incurred significant cost and effort defending, conditions on dismissal are appropriate. "Groundhog Day litigation, repeating the same case over and over again, amounts to little more than harassment." *LeFer v. Murry,* 978 F. Supp. 2d 1177, 1185–86 (D. Mont. 2013). Here, because the Plaintiff has already obtained a judgment on the same set of underlying facts, and now asserts claims against the initial defendants relatives, this case amounts to little more than harassment of James, Ramona, and MCM. For this reason, the Court should exercise its discretion and condition dismissal of this matter with prejudice, and payment of costs and attorney's fees.

**2. This is a circumstance where Defendants will lose a "Legal Argument" unique to this case, resulting in "Legal Prejudice."**

"Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westland Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation ... causes uncertainty" does not result in plain legal prejudice.

In this case, dismissal of the instant case will result in "legal prejudice" because the Plaintiff attempts to relitigate the same factual and legal issues that were resolved by its default judgment. Because the first case was resolved by default judgment, the merits of the facts or legal claims were never reached. This

case presents a very unique circumstance where a "legal argument" would be lost. Here, Plaintiff reopened the merits of the case, voluntarily re-vesting the Court with jurisdiction. As the Plaintiff has reopened the case, the Court can set aside the prior default judgment. Alternatively, the Court could hear this case on the merits and enter a judgment obligating an offset to the Defendants based on the merits of affirmative defenses or counterclaims. If this matter is dismissed, such legal arguments may well be lost. Legal prejudice exists under these circumstances.

### 3. In the Alternative, if Plaintiff's Case is Dismissed Without Prejudice, Fees and Costs are Appropriate.

The Court has discretion to award costs and fees under Fed.R.Civ.P. 41(a)(2). Costs and attorney fees are often but not always imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2). Usually, imposition of costs "is usually considered necessary for the protection of the defendant." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). Ordinarily the decision to award attorney's fees under Rule 41(a)(2) is a matter within the trial court's discretion, and the normal rules governing a court's exercise of its discretion are applicable. *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986). "Fee awards are often made

when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the uncertainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him. *See Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir.1965), cert. denied, 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D.Pa.1982).

Montana has held where a case is advanced without sufficient foundation, fees may be proper. *Teal, Inc. v. Wiedrich*, 259 Mont. 323, 326, 856 P.2d 543, 545 (1993). *Teal* relied primarily on federal cases interpreting Rule 41(a)(2) including *Klar v. Firestone Tire & Rubber Co*. (S.D.N.Y.1953), 14 F.R.D. 176. *Teal* notes that fees are appropriate to end "abusive practices where there is no real object other than harassment. *Id*. at 326-7. The Montana Court, interpreted *Klar*, noted attorney's fees were proper even where "[n]o such abusive intent appears in the instant case," because the plaintiff could commence a new action at a later time. *Id*. citing *Klar,* 14 F.R.D. at 176–77.

In this case, James, Ramona and MCM, suffered very real prejudice in the form of attorney's fees expended. They are obligated to pay regardless of the outcome. If another case is later brought, they will incur the very same fees again. Moreover, the allegations against them are suspect. Plaintiff notes that he alleged

10 counts making the case likely very costly. Doc. 27, pg. 1. He alleges it is unlikely he could recover after successfully prosecuting. *Id*. However, Plaintiff conducted no discovery on these Defendants' financial circumstances, making that rationale suspect. More likely, Plaintiff realizes that the claims are unsupported, and cut his losses. For this reason, the Court has discretion to condition dismissal on payment of costs and reasonable fees.

## CONCLUSION

James, Ramona, and MCM respectfully request this matter be dismissed with prejudice against them, and that dismissal be conditioned upon the payment of their reasonable fees incurred in defending what is ultimately a case without merit.

DATED: February 7, 2022

SCHMIDT BERKOFF, PLLC

 /s/ Carey B. Schmidt

*Attorney for Defendants James Mauri MCM Designs and Ramona "Mona" Costs aka Ramona Costa-Mauri*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day February, 2022, a copy of the foregoing document was served on the following person(s) by the following means.

| | |
|---|---|
| 1-2 | CM/ECF |
| ___ | Hand Delivery |
| ___ | U.S. Mail |
| ___ | Overnight Delivery Service |
| ___ | Fax |
| ___ | E-Mail |

1. Nathan A. Fluter, Esq.
    NATHAN A. FLUTER & ASSOCIATES, PLLC
    1917 S. Higgins Ave.
    Missoula, Montana 59801
    Tel: (503) 329-6655
    Email: nathan@fluterlaw.com
    *Attorney for Defendants*

2. Rufus I. Peace
    CHRISTIAN, SAMSON & BASKETT, PLLC
    310 W. Spruce St.
    Missoula, Montana 59802
    Tel: (406) 721-7772
    Email: rpeace@csblawoffice.com
    *Attorneys for Plaintiff*

SCHMIDT BERKOFF, PLLC

 /s/ Derek Long