IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN KENNER, | CV-21-120-M-KLD |
| Plaintiff, | |
| v. | ORDER |
| BITTERROOT TIMBER FRAMES, LLC, a Montana Limited Liability Company; THREE MILE CREEK POST & BEAM, LLC, a Montana Limited Liability Company; INSULATION EVOLUTION, a Montana For Profit Company; BRETT MAURI, an individual; CREAMERY ANTIQUE MALL, LLC, a Montana Limited Liability Company; CREAMERY BUILDING, LLC, a Montana Limited Liability Company; CARRIE A. McENROE, an individual, JAMES MAURI, an individual, MCM DESIGNS, a For-Profit Corporation, RAMONA "MONA" COSTA aka ROMONA COSTA-MAURI, an individual; and JOHN DOES 1-10, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Brian Kenner's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 26). The motion is granted as set forth in detail below.

## I.   **Background**

This is the second civil action arising out of a construction contract dispute between Plaintiff Brian Kenner and Defendants Brett Mauri, Bitterroot Timber Frames, LLC, Three Mile Creek Post & Beam, LLC.  Kenner previously brought suit against Brett Mauri and his two construction companies in February 2021, alleging they contracted with him to build a home in the Bitterroot Valley but failed to complete construction. *Kenner v. Bitterroot Timber Frames et al.,* District of Montana Cause No. CV 21-16-M-DLC-KLD (Doc. 1) ("*Kenner I*"). Kenner asserted claims against Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam for breach of contract; actual and constructive fraud; unjust enrichment; negligent construction; negligent misrepresentation; and consumer protection violations. *Kenner I,* CV-21-16-M-DLC-KLD (Doc. 1, at 11-16). Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post & Beam failed to answer, and on April 26, 2021 the Court entered default judgment against them in the amount of $327,566 plus costs and interest. *Kenner I*, CV-21-16-M-DLC-KLD (Doc. 12).

On October 13, 2021, Kenner filed the instant action against Brett Mauri, Bitterroot Timber Frames, Three Mile Creek Post & Beam, and several additional defendants: Insulation Evolution; Creamery Antique Mall, LLC; Creamery Building, LLC; Carrie A. McEnroe; James Mauri; MCM Designs; and Ramona

"Mona" Costa. (Doc. 1). Kenner alleges that while he was executing on the default judgment in *Kenner I*, "it became clear that much of the money taken from [him] was transferred to relations of Brett Mauri and used to support the various business ventures of those relations." (Doc.1, at 8 ¶ 34). The additional defendants named by Kenner in the pending Complaint include those family members and business ventures.  Kenner alleges claims against various Defendants for breach of contract; actual and constructive fraud; unjust enrichment; negligent construction; negligent misrepresentation; consumer protection violation; civil conspiracy; and constructive and intentional fraudulent transfer. (Doc. 1, at 10-19).

On January 9, 2022, Kenner filed the pending motion to voluntarily dismiss his Complaint without prejudice pursuant to Rule 41(a)(2). (Doc. 26). On April 26, 2022, the parties filed a stipulation to dismiss Defendants James Mauri, MCM Designs, and Ramona "Mona" Costa with prejudice, each party to bear its own attorney fees and costs. (Doc. 35).

## II.   <u>Legal Standard</u>

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order if no answer or summary judgment motion has been filed, or if all parties that have appeared stipulate to dismissal. Fed. R. Civ. P. 41(a)(1). If the defendants have answered and do not stipulate to dismissal, however, "an action

may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Whether to grant a motion for voluntary dismissal is left to the sound discretion of the district court. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

"In resolving a motion under Rule 41(a)(2), courts 'must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." C*havez v. Huhtamaki, Inc.*, 2012 WL 4441976, at *1 (C.D. Cal. Sept. 28, 2021) (quoting *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993)).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'Legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith*, 263 F.3d at 976 (quoting *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "Legal prejudice does not result merely

because the defendant has incurred litigation costs," or "simply because the

defendant may face a second lawsuit on the same set of facts." *Burnett v. Michaels*,

2020 WL 6559244, at \*2 (D. Mont. Nov. 9, 2020) (citing *Westlands Water*

*District*, 100 F.3d at 97; *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143,

145 (9th Cir. 1982)).

## III.   <u>Discussion</u>

In his opening brief, Kenner asks the Court to dismiss this action without

prejudice as to all Defendants.  He argues that dismissal without prejudice will not

result in plain legal prejudice to the Defendants because this case is still in its early

stages, no discovery has been exchanged, no substantive motions have been filed,

and no counterclaims have been asserted. (Doc. 27).

1.   <u>James Mauri, MCM Designs, and Ramona "Mona" Costa</u>

As noted above, the parties have since stipulated that Defendants James

Mauri, MCM Designs, and Ramona "Mona" Costa ("the James Mauri

Defendants") may be dismissed with prejudice, with each party to bear their own

attorney fees and costs.  (Doc. 35). The James Mauri Defendants will be dismissed

in accordance with the terms of the joint stipulation.

2.   <u>Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation
Evolution, Brett Mauri, Creamery Antique Mall, Creamery Building,
and Carrie McEnroe</u>

Defendants Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, Brett Mauri, Creamery Antique Mall, Creamery Building, and Carrie McEnroe oppose allowing Kenner to voluntarily dismiss his case at all. (Doc. 32, at 6-7). Alternatively, they request that Kenner's Complaint be dismissed with prejudice, and seek reasonable attorney fees and costs. (Doc. 32, at 5-6). Finally, if the Court permits dismissal without prejudice, these defendants reiterate their request for attorney fees and costs as a condition of dismissal. (Doc. 32, at 8-9).

Thus, the Court must first determine whether to allow voluntary dismissal at all. C*havez*, 2012 WL 4441976, at *1. Kenner should be allowed to voluntarily dismiss his Complaint unless these Defendants can demonstrate that they will suffer "some plain legal prejudice as a result." *Smith*, 263 F.3d a 975. Defendants point out that all but one of the claims alleged in the Complaint in this action were also alleged in *Kenner I.* Defendants argue that Kenner has thus "reopened" the default entered in *Kenner I,* thereby permitting them to defend against all of Kenner's claims on the merits. If Kenner is allowed to voluntarily dismiss his Complaint, these Defendants maintain they will be deprived of the opportunity to have the *Kenner I* default set aside and to defend themselves on the merits. (Doc. 32, at 7).

Notably, however, Defendants do not cite any legal authority that would support setting aside the default entered in *Kenner I* based on duplicative claims alleged in this action. As specified in Fed. R. Civ. P. 55(c), the mechanism for setting aside a default judgment is by way of a motion under Fed R. Civ. P. 60(b) in the case in which the judgment was entered. Defendants have not moved to set aside the default judgment in *Kenner I.* Because these Defendants do not identify any legal basis for setting aside the default judgment in *Kenner I* if this case were to move forward, they have not shown that they will be prejudiced if Kenner is allowed to voluntarily dismiss his Complaint.

Defendants further argue they will be prejudiced if Kenner is allowed to voluntarily dismiss his Complaint because they will not have the opportunity to assert counterclaims that might result in a judgment entitling them to an offset for amounts already paid in partial satisfaction of the default judgment in *Kenner I.* For all practical purposes, this argument amounts to an attack on the default judgment. As indicated above, a Rule 60(b) motion is the only permissible method to set aside a default judgment. To the extent Defendants believe they have other valid legal claims again Kenner, they have not demonstrated how voluntary dismissal of this action would prejudice their ability to bring those claims on their own behalf in a separate lawsuit.

Analogizing to *LeFer v. Murray*, 978 F.Supp.2d 1117 (D. Mont. 2013), Defendants further argue they have suffered plain legal prejudice because the claims alleged in the Complaint are duplicative of those asserted in *Kenner I*, and this lawsuit therefore "amounts to harassment." (Doc. 32, at 5). In *LeFer*, the district court denied the plaintiffs' motion for voluntary dismissal based on circumstances unique to that case. In *LeFer*, the defendants had moved for summary judgment by the time the plaintiffs sought voluntary dismissal, and the plaintiffs had an established history of filing actions in multiple courts on the same set of politically motivated facts. *LeFer*, 978 F.Supp.2d at 1183-85. In addition, the plaintiffs made it clear they were contemplating reasserting the same claims and other related claims in state court after dismissal of the federal court action. *LeFer*, 978 F.Supp.2d at 1185-86.

The facts here are very different. While the plaintiffs in *LeFer* were facing a potentially dispositive summary judgment motion when they sought dismissal, Kenner has moved for dismissal early in the proceedings and there are no other pending motions. And unlike the *LeFer* plaintiffs, Kenner has not indicated that he currently plans on initiating the same litigation in a different forum if this matter is dismissed. Finally, the Court also notes that, while this may be the second round of litigation for Brett Mauri, Bitterroot Timber Frames, and Three Mile Creek Post &

Beam, the same cannot be said for Insulation Evolution, Creamery Antique Mall, Creamery Building, and Carrie McEnroe, none of whom were parties to *Kenner I.*

For the reasons stated above, the Court finds that Defendants have not shown they will suffer plain legal prejudice if this action is dismissed, and will permit Kenner to voluntarily dismiss his Complaint pursuant to Rule 41(a)(2). The next question the Court must address is whether the dismissal should be with or without prejudice. *Chavez*, 2012 WL 4441976, at *1.

Assuming, as the Court has decided, that voluntarily dismissal is appropriate, Defendants Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, Brett Mauri, Creamery Antique Mall, Creamery Building, and Carrie McEnroe all request that Kenner's Complaint be dismissed with prejudice. In his reply brief, Kenner agrees to dismiss Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, and Brett Mauri with prejudice. (Doc. 33, at 3). Because the parties are now in agreement on this point, dismissal with prejudice as to these Defendants is proper. With respect to Creamery Antique Mall, Creamery Building, and Carrie McEnroe ("Creamery Defendants"), however, Kenner stands by his request for dismissal without prejudice.

District courts in the Ninth Circuit typically consider the following factors in determining whether voluntary dismissal under Rule 41(a)(2) should be with or

without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F.Supp. 1439, 1443–44 (N.D. Cal. 1993)).

On balance, the Court finds these factors weigh in favor of dismissal without prejudice. This lawsuit is still in its earliest stages, which means that the Creamery Defendants' efforts and expenses in litigating this matter and preparing for trial have been minimal. Kenner explains he discovered information while executing on the default judgment in *Kenner I* that prompted him to file this lawsuit. Thus, there is no indication of excessive delay or lack of diligence on Kenner's part in prosecuting this case. While Kenner's explanation as to why he is seeking voluntary dismissal at this juncture is somewhat lacking, the Court nevertheless finds in the exercise of its discretion that, on balance, the relevant factors weigh in favor of dismissal without prejudice as to the Creamery Defendants.

Finally, the Court must consider what terms and conditions, if any, should be imposed on dismissal. C*havez,* 2012 WL 4441976, at *1. Assuming, as the Court has decided, that voluntary dismissal is appropriate, Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, Brett Mauri, Creamery Antique Mall, Creamery Building, and Carrie McEnroe all request that the Court

set aside the default judgment entered against Bitterroot Timber Frames, Three Mile Creek Post & Beam, and Brett Mauri in *Kenner I* as a condition of dismissal. (Doc. 32, at 6). As discussed above, Defendants have not provided a legal basis for setting aside the default judgment in *Kenner I,* and the Court declines to do so as a condition of voluntary dismissal.

These Defendants also ask the Court to impose payment of attorney fees and costs as a condition of dismissal under Rule 41(a)(2). As explained above, Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, Brett Mauri are being dismissed with prejudice. While the Ninth Circuit has not addressed whether attorney fees and costs may be awarded when Rule 41(a)(2) dismissal is with prejudice, district "courts generally do not award attorney fees and costs when an action is voluntarily dismissed with prejudice under Rule 41(a)(2)." *Kideckel v. Wells Fargo Bank, N.A.*, 2021 WL 1515570, at *1 (S.D. Cal. Apr. 16, 2021). See also *Chavez. v. Hustamaki, Inc.*, 2021 WL 4441976, at *3 (C.D. Cal. Sept. 28, 2021) (recognizing that while "courts often award defendants costs and attorney fees when granting a plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), such an award is improper when the dismissal is with prejudice"); *Bruce v. Teleflora, LLC*, 2014 WL 2710974, at *3 (C.D. Cal. 2014) (recognizing that when a lawsuit is voluntarily dismissed with prejudice under Rule 41(a)(2), attorneys fees are almost never awarded).

The Court does not find any exceptional circumstances warranting imposition of attorney fees and costs as a condition of dismissal. See e.g. *Chavez v. Northland Group*, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011) (recognizing that district courts in the Ninth Circuit "have held that, in the case of a voluntary dismissal with prejudice, costs and fees may be imposed under 'exceptional circumstances' or under Fed. R. Civ. P. 11"). Accordingly, in the exercise of its discretion, the Court will not impose payment of attorney fees and costs as a condition of dismissal with prejudice as to Bitterroot Timber Frames, Three Mile Creek Post & Beam, Insulation Evolution, and Brett Mauri.

As to the Creamery Defendants, the Court has determined that dismissal without prejudice is appropriate. While courts often condition dismissal without prejudice on a plaintiff's payment of the defendant's attorney fees and costs, imposition of fees and costs is not mandatory. *Stevedoring Services v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). In determining whether to award fees and costs "after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial, (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Memorial Hospital v. Kent*, 688 Fed. Appx. 492, 494 (9th Cir. 2017) (citing *Williams v. Peralta Community College District*, 227

F.R.D. 538, 540 (N.D. Cal. Apr., 28, 2005)). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Punay v. PNC Mortgage*, 2018 WL 2095770, at *2 (S.D. Cal. May 7, 2018) (citing *Westlands Water Dist.*, 100 F.3d at 97)).

Having considered these factors, the Court declines to impose attorney fees and costs as a condition of voluntary dismissal. The Creamery Defendants were not parties to *Kenner I*, and have not shown that they have incurred any excessive or duplicative expenses. There is no indication that Kenner unreasonably delayed in moving to dismiss his case, which has not progressed beyond the pleading stage. Because this litigation is still in its earliest stages, the effort expended and expenses incurred thus far by the Creamery Defendants are presumably minimal.

Finally, any work that counsel has done thus far could presumably be used in future litigation between the parties. For these reasons, the Court determines that the Creamery Defendants have not demonstrated that Kenner should be required to pay their attorney fees and costs as a condition of dismissal without prejudice.

## IV.   <u>Conclusion</u>

For the reasons outlined above,

IT IS ORDERED that Plaintiff's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED as follows:

(1) This matter is DISMISSED WITH PREJUDICE as to Defendants Bitterroot Timber Frames, LLC; Three Mile Creek Post & Beam LLC;  Insulation Evolution, Brett Mauri, James Mauri, MCM Designs, and Ramona "Mona" Costa, with each party to bear its own attorney fees and costs.

(2) This matter is DISMISSED WITHOUT PREJUDICE as to Defendants Creamery Antique Mall, LLC, Creamery Building LLC, and Carrie A. McEnroe, with each party to bear its own attorney fees and costs.

DATED this 28th day of April, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge